**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

MICHAEL KERNER,

                                         Plaintiff,

-against-

PAY-O-MATIC, REGAN RAMSUMAIR *individually*, and REHANNA DOE, *individually*,

                                         Defendants.

-------------------------------------------------------------------X

Case No.:

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, MICHAEL KERNER, by and through his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"); the New York State Human Rights Law, New York State Executive Law § 296, et seq. ("NYSHRL"); the New York City Human Rights Law, New York City Administrative Code §§ 8-107, *et seq.* ("NYCHRL"); and seeks damages to redress the injuries he suffered as a result of being **discriminated and retaliated** against on the basis of his **actual and/or perceived disabilities (Multiple Sclerosis and Epilepsy)**.

### JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2. Jurisdiction of this Court is proper under 42 U.S.C. § 12101, et seq., and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated  10/18/22   with respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8. That at all times relevant hereto, Plaintiff MICHAEL KERNER ("Plaintiff") is male and a resident of the State of New York.

9. That at all times relevant hereto, Defendant PAY-O-MATIC was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

10. Defendant PAY-O-MATIC operates and/or operates a location at 166-30 Jamaica Avenue, Jamaica, NY 11432, where the discriminatory conduct took place.

11. Upon information and belief, Defendant PAY-O-MATIC employs at least fifteen or more employees.

12. Upon information and belief, Defendant PAY-O-MATIC had a gross annual volume of sales of not less than $500,000.00 at all relevant times.

13. That at all times relevant hereto, Plaintiff was an employee of Defendant PAY-O-MATIC.

14. That at all times relevant hereto, Defendant Regan Ramsumair ("RAMSUMAIR") was employed as the Vice President of Human Resources for Defendant PAY-O-MATIC and

had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

15. That at all times relevant hereto, Defendant Rehanna Doe ("DOE") was employed as the Training Manager & Instructor for Defendant PAY-O-MATIC and had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

16. Defendants RAMSUMAIR, DOE, and PAY-O-MATIC are hereinafter referred to together as "Defendants."

## MATERIAL FACTS

17. On or about July 9, 2021, Defendants hired Plaintiff as a "Check-Cashing Clerk" at Defendants' location at 166-30 Jamaica Avenue, Jamaica, New York 11432.

18. As a Check-Cashing Clerk, Plaintiff was responsible for compliance with policies and procedures manual of cash handling, check cashing, money transfers, cash cards, bill payments, and money orders.

19. At all times relevant, Plaintiff was qualified to do his job and able to perform the duties of his employment with a reasonable accommodation.

### Plaintiff's Discrimination Claims

20. At all times material, Plaintiff was and is suffering from Multiple Sclerosis and Epilepsy.

21. On or about July 12, 2021, Plaintiff began his training and onboarding for his new position, which was led by Defendant DOE.

22. On or around July 15, 2021, Plaintiff was taking a training evaluation when the computers provided by Defendants on which Plaintiff did his training began to freeze and malfunction, causing the screen to flash.

23. These flashing lights triggered Plaintiff's seizure-like symptoms such as jerking movements and dry eyes.

24. Plaintiff then immediately left to go to the restroom, take his medication, and regain his composure.

25. Defendant DOE, having witnessed these symptoms, proceeded to take note of Plaintiff's slower performance.

26. Plaintiff approached DOE to report the malfunctions that same day, but DOE ignored his presence and continued into a conference room to attend to another matter.

27. On or around July 16, 2021, DOE called in Plaintiff for a meeting. At this meeting, DOE stated Plaintiff was "careless, erratic, and tediously incapable of comprehending." Plaintiff then tried to explain that the computer malfunctions delayed his performance speed, to which DOE responded "I can't do anything about that. Talk to Regan."

28. That same day, Plaintiff approached Defendant RAMSUMAIR and explained that he had multiple sclerosis and a history of epilepsy that affected his training and testing.

29. He continued onto state to RAMSUMAIR that DOE did not give him an adequate chance to explain, and requested that he be allowed to be re-trained with properly working computer screens and a mechanism to dim the computer screens so as to not trigger the symptoms of his disability.

30. Defendant RAMSUMAIR stated, "You don't seem strong enough to do the job properly; you seem incompetent and incapable" and refused the accommodation.

31. Defendant RAMSUMAIR then informed Plaintiff that he was not to return to work, and asked Plaintiff fill out Health Insurance Portability and Accountability Act (HIPAA) and ADA forms, which Plaintiff did. RAMSUMAIR then requested documentation from Plaintiff's medical provider, Dr. Angelika Kagzanova.

32. On or about August 17, 2021, after receiving the requested documentation, Defendant RAMSUMAIR stated that the provided medical documentation was not sufficient and that PAY-O-MATIC would not provide any accommodations.

33. On or about September 18, 2021, Leon Khodar, Dr. Angelika Kagzanova's assistant, suggested a conference call with Defendants to be scheduled on October 29, 2021.

34. On or about September 18, 2021, Plaintiff visited his medical provider for a physical exam and further inquired regarding the status of the paperwork to be sent to PAY-O-MATIC.

35. On or about September 28, 2021, Defendant PAY-O-MATIC then stated that all paperwork would need to be re-sent due to file corruption.

36. Plaintiff's medical provider stated that they felt harassed and threatened by PAY-O-MATIC, and suggested Plaintiff outsource the forms to another of Plaintiff's medical providers, Anne Ocello.

37. Over one (1) month later, on or around mid-November 2021, Anne Ocello received forms from PAY-O-MATIC to fill out for Plaintiff's disability determination.

38. On or around early January 2022, following the holiday season, Plaintiff contacted Defendant RAMSUMAIR and attempted to schedule a time to come in to PAY-O-MATIC based on his schedule.

39. Defendant RAMSUMAIR thereafter ceased all communication with Plaintiff and did not return his calls or e-mails.

40. Plaintiff realized that Defendants would not attempt to accommodate Plaintiff's disabilities, perceived his disabilities as an inconvenience, and had effectively terminated him so they would not have to provide him with any further reasonable accommodations.

41. Defendants failed to engage in the interactive process and cooperative dialogue.

42. Defendants terminated Plaintiff because of his actual and/or perceived disabilities (Multiple Sclerosis and Epilepsy).

43. Defendants terminated Plaintiff in retaliation for his requests for reasonable accommodations.

44. Defendants terminated Plaintiff so they would not have to grant him any accommodations on the basis of his disabilities.

45. As a result of Defendants' actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

46. As a result of the acts and conduct complained of herein, Plaintiff has suffered the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

47. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

48. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

49. Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336), as amended, as these titles appear in volume 42 of the United States Code, beginning at Section 12101.

50. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112 "Discrimination" states:

> "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the

      hiring, advancement, or discharge of employees, employee compensation, **job training**, and other terms, conditions, and privileges of employment."

51. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his actual and/or perceived disability (**Multiple Sclerosis and Epilepsy**).

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

52. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

53. The ADA prohibits retaliation, interference, coercion, or intimidation.

54. 42 U.S.C. § 12203 provides:

    a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

    b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

55. Defendants violated this section as set forth herein by retaliating, and otherwise discriminating against the Plaintiff because he opposed Defendants' unlawful employment actions and because he requested and/or needed a reasonable accommodation.

## AS A THIRD CAUSE OF ACTION UNDER THE NEW YORK STATE EXECUTIVE LAW

56. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

57. The New York State Executive Law § 296(1)(a) provides that,

> It shall be an unlawful discriminatory practice: For an employer . . . because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

58. Defendants engaged in an unlawful discriminatory practice in violation of the New York State Executive Law § 296(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his actual and/or perceived disability (**Multiple Sclerosis and Epilepsy**).

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW

59. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

60. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

61. Defendants engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of Plaintiff's engagement in an activity protected under this law.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

62. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63. The Administrative Code of the City of New York §8-107 (1) provides:

8

> "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived … disability… of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

64. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff on the basis of his actual and/or perceived disability, together with failure to engage in the cooperative dialogue, failure to provide a reasonable accommodation, and unlawful termination.

### AS A SIXTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

65. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraph of this Complaint as if more fully set forth herein at length.

66. New York City Administrative Code Title 8-107(7) provides that:

    > "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter …"

67. Defendants engaged in an unlawful and retaliatory practice by retaliating, and otherwise discriminating against the Plaintiff because he opposed Defendants' unlawful employment actions and because he requested and/or needed a reasonable accommodation.

## AS A SEVENTH CAUSE OF ACTION FOR FAILURE TO PROVIDE A REASONABLE ACCOMODATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

68. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

69. The Administrative Code of the City of New York §8-107(15)(a) provides:

> "[A]ny person prohibited by the provisions of this section from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity."

70. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code §8-107(15)(a) by failing to provide Plaintiff with a reasonable accommodation, and by failing to engage in the cooperative dialogue.

## JURY DEMAND

71. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the Americans with Disabilities Act of 1990, New York City Human Rights Law, 42 U.S.C. § 12101, et seq. ("ADA"); the New York State Human Rights Law, New York State Executive Law § 296, et seq. ("NYSHRL"); the New York City Human Rights Law, New York City Administrative Code §§ 8-107, *et seq*. ("NYCHRL"); in that Defendants discriminated, and retaliated against Plaintiff on the basis of his disability, whether actual and/or perceived;

B. Awarding Plaintiff compensatory damages for mental, and emotional injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

10

C.     Awarding Plaintiff punitive damages;

D.     Awarding Plaintiff damages for the amount of unpaid compensation, liquidated damages and for any improper deductions or credits taken against wages as applicable;

E.     Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
January 9, 2023

**PHILLIPS & ASSOCIATES,**
**Attorneys at Law, PLLC**

By:    /s/Shawn Clark
Shawn R. Clark, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901 - 2107
sclark@tpglaws.com

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Michael Kerner<br>c/o Phillips & Associates, Attorneys at Law, PLLC 45 Broadway, Suite 430<br>New York, NY 10006 | From: | New York District Office<br>33 Whitehall St, 5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| EEOC Charge No.<br>520-2022-06070 | EEOC Representative<br>Silvia Deng-Batista,<br>Federal Investigator | Telephone No.<br>9295065271 |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

- The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Timothy Riera
10/18/2022

Enclosures(s)

Timothy Riera
Acting District Director

cc:
Shawn R Clark
Phillips & Associates, Attorneys at Law, PLLC
45 Broadway, Suite 430,
New York, NY 10006